UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD LEE HILTON,

    Plaintiff,                                   Civil Action No. 16-CV-14384

vs.                                          HON. BERNARD A. FRIEDMAN

KENNETH M. SCOTT,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is presently before the Court on plaintiff's application to proceed in forma pauperis. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28. To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted). Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding in forma pauperis, if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In the present case, plaintiff alleges that he is being prosecuted in Genesee County Circuit Court on murder and attempted murder charges. He is not satisfied with his attorney, defendant Kenneth Scott, and would prefer to represent himself. Plaintiff alleges that the trial judge has denied his request to discharge Scott and proceed pro se. Plaintiff requests that the Court "force attorney Scott to step aside off plaintiff case . . . [and] require Judge Fullerton to allow plaintiff to proceed pro se in his murder trial . . ." Compl. pp. 3-4.

The Court must dismiss the complaint because it has no jurisdiction to interfere with an ongoing state court prosecution. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) (noting the "longstanding public policy against federal court interference with state court proceedings"). Plaintiff must seek relief in the state courts. This Court could assume jurisdiction only if plaintiff is convicted, if he then exhausts his state court remedies, and if he then files a timely petition for a

writ of habeas corpus. Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).


Dated: December 21, 2016
      Detroit, Michigan

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE